

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 21 2022

Kevin P. Weimer, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TRION THOMAS | Criminal Information<br><br>No. 1:22-CR-338<br><br>**UNDER SEAL** |

THE UNITED STATES ATTORNEY CHARGES THAT:

**Count One**
*Conspiracy to Commit Money Laundering*
*18 U.S.C. § 1956(h)*

1. Beginning on an unknown date, but at least by on or about August 10, 2021, and continuing through at least on or about September 1, 2021, the exact dates being unknown to the United States Attorney, in the Northern District of Georgia and elsewhere, the Defendant, TRION THOMAS, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with Co-Conspirator-1, and others known and unknown to the United States Attorney, to conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, health care fraud, in violation of Title 18, United States Code, Section 1347, and wire fraud, in violation of Title 18, United States Code, Section 1343, knowing

that the financial transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(B)(i).

## BACKGROUND

2. At all times relevant to this Information:

    a. The Defendant was a resident of Stone Mountain, Georgia.

    b. Sharptree, LLC ("Sharptree") was a Georgia limited liability company established and controlled by the Defendant.

    c. The Defendant opened and caused to be opened an account at City National Bank ending in 6767 ("CN 6767") and an account at Bank OZK ending in 5096 ("OZK 5096"), both in the name of Sharptree.

    d. The Medicare program ("Medicare") was a federal health care program providing benefits to individuals who were the age of 65 or older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Medicare was a health

care benefit program, as defined by Title 18, United States Code, Section 24(b).

e. CMS contracted with various companies, including Victim-1, to receive, adjudicate, process, and pay Medicare claims to health care providers.

## OBJECT OF THE CONSPIRACY

3. It was the object of the conspiracy for the Defendant and others known and unknown to the United States Attorney, to unlawfully enrich themselves by (a) depositing and transferring the proceeds of a scheme to defraud Victim-1; (b) concealing the nature, location, source, ownership, and control of the proceeds; and (c) diverting and spending fraud proceeds for the personal use and benefit of the Defendant and his co-conspirators.

## MANNER AND MEANS OF THE CONSPIRACY

4. It was part of the conspiracy that the Defendant maintained and controlled CN 6767.

5. It was further part of the conspiracy that the Defendant received, from Co-Conspirator-1, $93,000 of proceeds from a health care fraud and wire fraud scheme (the "Fraud Scheme") in which Victim-1 was deceived into sending legitimate payments to a bank account held in the name of Individual-1, based on the submission of false and fraudulent electronic funds transfer information

3

purporting to be from a health care provider.

6. It was further part of the conspiracy that the Defendant and Co-Conspirator-1 concealed and disguised the nature, location, source, ownership, and control of the proceeds of the Fraud Scheme by depositing and causing to be deposited the proceeds into CN 6767.

7. It was further part of the conspiracy that the Defendant opened OZK 5096 for the sole purpose of transferring the proceeds of the Fraud Scheme to another bank account.

8. It was further part of the conspiracy that the Defendant concealed and disguised the nature, location, source, ownership, and control of the proceeds of the Fraud Scheme by transferring $80,000 from CN 6767 to OZK 5096.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE PROVISION

9. Upon conviction of the offense charged in the Information, the Defendant, TRION THOMAS, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

    a. Personal Money Judgment: A sum of money in United States

Currency, representing the amount of property involved in the offenses alleged in the Information;

10. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

RYAN K. BUCHANAN
  *United States Attorney*

*/s/ Kelly K. Connors*
KELLY K. CONNORS
  *Assistant United States Attorney*
Georgia Bar No. 504787
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

Glenn Leon
  *Chief*
  *Criminal Division, Fraud Section*
  *U.S. Department of Justice*

*/s/ Gary A. Winters*
GARY A. WINTERS
  *Trial Attorney*
  *Criminal Division, Fraud Section*
District of Columbia Bar No. 439376
1400 New York Avenue, NW
Washington, DC 20005
202-598-2382; Fax: 202-514-3708

*/s/ Christopher A. Wenger*
CHRISTOPHER A. WENGER
  *Trial Attorney*
  *Criminal Division, Fraud Section*
District of Columbia Bar No. 991048
1400 New York Avenue, NW
Washington, DC 20005
202-445-9670; Fax: 202-514-3708