IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **1:21-cr-177** |
| **TRION THOMAS,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Defendant, TRION THOMAS, through counsel, and submits this memorandum in support of his request for a reasonable sentence. The defense respectfully requests that this Honorable Court weigh the § 3553 factors and exercise its discretion to impose a below-guidelines sentence of confinement that is no greater than eighteen months. In support, Mr. Thomas states the following:

## I. Defendant's Background.

Mr. Thomas is fifty-two years old and operates a home health care company along with his partner and fiancée. (PSR, ¶ 53, 57). Their family-owned company provides in-patient personal care services to elderly and disabled individuals in need of such vital assistance. (PSR, ¶ 65). Born and raised in New York City, Mr. Thomas followed in his father's footsteps and apprenticed as a union carpenter, working in that capacity for over two decades. Mr. Thomas additionally provides necessary support to his fiancée's business, serving a growing segment of the population that

is often overlooked and mistreated in our society. Mr. Thomas' eighteen-year-old daughter is presently attending college at Georgia State University, and both she and Mr. Thomas' stepson reside at the family home in DeKalb County, Georgia.

Mr. Thomas was charged with a drug distribution offense in Tennessee twenty years ago, and he made the regrettable decision to flee the jurisdiction of the court. Mr. Thomas' past finally caught up with him in 2012 when he was arrested for marijuana possession and the outstanding bench warrant was consequently discovered by police. Shortly thereafter, Mr. Thomas was extradited to Tennessee and ultimately served two years in prison for the offense. (PSR, ¶ 40 - 45). Since his release in 2014, the primary focus of Mr. Thomas' life has been supporting his teenage children and helping his fiancée manage and operate the home healthcare business.

## II. Statement of Facts and Procedural History.

In February of 2022, federal agents investigating the fraudulent diversion of funds from a government vendor traced $93,000 to a bank account opened by Mr. Thomas: the funds were apparently stolen through a "business email compromise" scheme.[1] After agents conducted a knock-and-talk at Mr. Thomas' home, he voluntarily agreed to meet with them and explain how the funds came to be deposited

[1] https://www.fbi.gov/how-we-can-help-you/safety-resources/scams-and-safety/common-scams-and-crimes/business-email-compromise (Last accessed June 6, 2023).

in his account. Mr. Thomas confessed that he was recruited by a friend to launder a $93,000 check for an individual he knew as "Don" in August of 2021. The agreement was for Mr. Thomas to keep $13,000 for himself and return $80,000 to Don. Mr. Thomas instead expended all the money on unsuccessful cryptocurrency investments, and at the time of his proffer, he was receiving threatening Telegram messages from unknown senders demanding that he return the money.

Mr. Thomas chose to take responsibility for his actions, waived the presentation of his case to a grand jury, and entered a plea of guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Mr. Thomas' plea agreement also included a provision whereby he agreed to "act in an undercover investigative capacity to the best of his ability." [Doc. 12-1, pg. 8]. Mr. Thomas complied fully with the agents' directions in this regard and did everything in his power to assist them in their investigation. His actions in this case clearly demonstrate a profound change in character since making the opposite choice at an earlier time in his life: he did not run or hide from authorities; he came forward voluntarily and did his best to make amends.[2]

## III. Sentencing Guidelines and Reasonable Sentence.

A variance is reasonable in Mr. Thomas' case because the sentencing

[2] During their investigation into Mr. Thomas' finances, agents discovered that he improperly received compensation from the Paycheck Protection Program. Mr. Thomas admitted to these allegations, as well, and stipulated to the loss amount in his plea agreement.

guidelines do not adequately account for his attempted cooperation, and they dramatically overstate the significance of his criminal history. A district court does "not err by considering [a criminal defendant's] cooperation as part of its analysis under 18 U.S.C. § 3553(a) rather than as part of [the] advisory guidelines range." United States v. Zolp, 479 F.3d 715, 721 (9th Cir. 2007). Further, a district court may consider whether a defendant's criminal history is overstated by the sentencing guidelines when considering his "history and characteristics" under § 3553(a)(1). United States v. Whyte, 928 F.3d 1317, 1338-39 (11th Cir. 2019) (district court properly found that defendant's criminal history category of VI overrepresented the significance of his prior offenses). Finally, a district court may deviate from the guidelines if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1); U.S.S.G. § 5K2.0; but see United States v. Duffy, 179 F.3d 1304 (11th Cir. 1999) (district court did not err by concluding it lacked authority to depart downward under § 5K2.0 based on defendant's substantial assistance to non-federal authorities).

Mr. Thomas' low-level drug offense and failure to appear more than twenty years ago added five points to his criminal history score, and his two misdemeanor false identification convictions added one point each. The defense respectfully

suggests that the outsize effect of these temporally remote and unrelated incidents warrant adjusting his criminal history category IV to category III, which he only missed by a single point. Further, Mr. Thomas' cooperation is intrinsic to the "nature and circumstances of [his] offense." 18 U.S.C. § 3553(a)(1). Mr. Thomas confessed to government agents, immediately accepted responsibility for his conduct, and agreed to cooperate with the agents' investigation. He also truthfully proffered everything he knew about the fraud scheme and agreed to work in an undercover capacity at the agents' direction. Nevertheless, because the information he provided did not produce any leads or arrests, the sentencing guidelines leave his attempts at cooperation uncredited.[3] Accordingly, the defense respectfully suggests that a two-level variance is appropriate to reflect Mr. Thomas' efforts under § 3553(a)(1), and that the same rationale can be applied to reduce Mr. Thomas' sentence pursuant to U.S.S.G. § 5K2.0.

## CONCLUSION

Based on the foregoing, the defense submits that a custodial sentence of no more than eighteen months is sufficient to serve the penological justifications articulated by Congress in 18 U.S.C. § 3553 and imminently reasonable under the circumstances.

[3] By way of comparison, in drug cases, a defendant can earn a two-level reduction by simply providing truthful information to government agents, even if the information does not result in additional arrests or "substantial assistance." U.S.S.G. §2D1.1(b)(17).

Respectfully submitted this 8th day of June, 2023.

/s/ S. Eli Bennett
S. Eli Bennett, Esq.
Counsel for Defendant
Georgia Bar No. 573767

6855 Jimmy Carter Boulevard
Building 2100, Suite 2150
Norcross, Georgia 30071
Telephone: (770) 650-7200
Facsimile: (678) 735-4512
Email: criminal@htlweb.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | **1:21-cr-177** |
| **TRION THOMAS,** | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading to the Office of the U.S. Attorney for the Northern District of Georgia by electronic delivery via this Court's CM/ECF system.

This 8th day of June, 2023.

/s/ S. Eli Bennett
S. Eli Bennett, Esq.
Counsel for Defendant
Georgia Bar No. 573767